Filed 6/21/23  P. v. Rodriguez CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B325369 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. PA057565-01 |
| v. | |
| JOSE LUIS RODRIGUEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles Count, Hayden Zacky, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, we review this appeal from the denial of a petition for recall of sentence brought under Penal Code former section 1170.95.[1] We affirm the trial court's order.

## PROCEDURAL BACKGROUND

On April 27, 2009, a jury found appellant Jose Rodriguez guilty of willful, deliberate, premeditated attempted murder in violation of Penal Code sections 664 and 187, subdivision (a) (counts 1 and 2)[2]; possession of a firearm by a felon in violation of section 12021, subdivision (a)(1) (count 3); and assault with a semi-automatic firearm in violation of section 254, subdivision (b) (counts 5 and 6). Appellant was convicted of shooting two men outside the apartment building where his mother lived. The jury also found true firearm use and discharge allegations, great bodily injury allegations, and gang enhancements. In addition to the jury verdicts, appellant pleaded guilty to resisting an executive officer in violation of section 69 (count 4).

On July 23, 2009, appellant was sentenced to life in prison with the possibility of parole plus 50 years on the attempted murder charges with the firearm enhancements. He was sentenced to a consecutive three-year term on the resisting charge. The sentences on counts 3, 5, and 6 were stayed. Appellant was the sole defendant charged in the amended

---

[1]     Effective June 30, 2022, former section 1170.95 was renumbered section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.) In this opinion we use the new code section.

[2]     Further undesignated statutory references are to the Penal Code.

2

information.  This court affirmed the convictions on appeal. (*People v. Rodriguez* (Jan. 24, 2011, B218361) [nonpub. opn.].)

On February 22, 2022, appellant filed a petition for resentencing under section 1172.6.  The court appointed counsel on appellant's behalf.  The People filed a response.

On October 5, 2022, the trial court did not issue an order to show cause.  Instead, it found appellant ineligible for relief because 1) appellant was prosecuted as the sole actual perpetrator who acted with malice and with the intent to kill during the commission of the crimes; and 2) the jury was not instructed on the natural and probable consequences doctrine or aiding and abetting.

Appellant filed a timely notice of appeal.

We appointed counsel to represent appellant on appeal.  On April 20, 2023, counsel filed a brief pursuant to *People v. Delgadillo*.  The brief raises no issues.  Counsel advises that appellant was sent the record on appeal as well as a copy of the brief.  Counsel told appellant he may file a supplemental brief within 30 days raising any issue he wishes us to consider.

On April 20, 2023, this court sent appellant a notice that a brief raising no issues had been filed on his behalf.  We advised appellant he had 30 days within which to submit a supplemental brief or letter stating any ground for an appeal he wishes this court to consider.  Appellant was advised that if he did not file a supplemental brief, his appeal may be dismissed as abandoned.

On May 5, 2023, appellant filed a supplemental brief raising several issues: the prosecutor and his defense lawyer "railroaded" him; he acted in self-defense when he was confronted by two gang members; he had no intent to kill and did not plan the shooting "like they claimed I did"; and he did not act for the benefit of a gang.

## DISCUSSION

First, counsel has asked us to conduct an independent review of the record. We are not required to do so in the context of an appeal from an order denying a petition for resentencing and we decline to do so. (*People v. Delgadillo, supra*, 14 Cal.5th at p. 226.)

Next, appellant's issues are not properly before our court. Petitions for resentencing under section 1172.6 carry out the intent of Senate Bill No. 1437 (2017–2018 Reg. Sess.) which was "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Lewis* (2021) 11 Cal.5th 952, 967.) Petitions under section 1172.6, then, address convictions where a defendant was not the killer, but was held vicariously liable on one of several theories of liability identified in the statute. The petition to recall sentence under section 1172.6 is not another opportunity to challenge the original judgment on other grounds.

## DISPOSITION

The order denying the petition for recall of sentence is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:


GRIMES, J.


VIRAMONTES, J.